HONORABLE RONALD B. LEIGHTON

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

PAUL and LIN BECK,

    Plaintiffs,

 v.

QUALITY LOAN SERVICE
CORPORATION OF WASHINGTON,
et al.,

    Defendants.

CASE NO. C19-6237RBL

ORDER

THIS MATTER is before the Court on Plaintiff Beck's Motion for a Temporary Restraining Order [Dkt. # 2]. Beck borrowed money and executed a Promissory Note secured by a deed of trust on residential property in Port Angeles. Defendants apparently sent a Notice of Trustee's sale (a non-judicial foreclosure, under Washington's Deed of trust Act) in September. The Trustee's sale is scheduled for January 3. This case was filed December 24.

Beck claims that Defendants have no standing to foreclose and that they have repeatedly failed to prove to him that they do. He claims he has made inquiries under the FDCPA and the UCC, and that his creditor, the loan servicer, and the Trustee have failed to make appropriate responses. He seeks to enjoin the pending sale. He argues that US Bank and its agents have not demonstrated that "US Bank is not in wrongful possession of the instrument." Dkt. # 2 at 4. He

claims that the defendants do not have (or at least have not convinced him that they have) the right to foreclose on the security for the Note.

The purpose of a TRO is "preserving the status quo and preventing irreparable harm just so long as is necessary to hold a hearing [on the preliminary injunction application], and no longer." *Granny Goose Foods, Inc. v. Brotherhood of Teamsters & Auto Truck Drivers*, 415 U.S. 423 (1974); *see also Reno Air Racing Ass'n v. McCord*, 452 F.3d 1126, 1130-31 (9th Cir. 2006). To obtain a TRO or a preliminary injunction, the moving party must show: (1) a likelihood of success on the merits; (2) a likelihood of irreparable harm to the moving party in the absence of preliminary relief; (3) that a balance of equities tips in the favor of the moving party; and (4) that an injunction is in the public interest. *Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008).

Even if the Court assumes (without deciding) that Beck can establish the element of irreparable harm if he loses the property to foreclosure, in order to restrain the sale, he must establish he is likely to succeed on the merits of any underlying "the mortgage is void" claim, that the balance of equities tips in his favor, and that injunctive relief is in the public interest. This is a burden he cannot meet.

First, Beck has not made (and cannot make) the requisite showing that he is likely to succeed on the merits of his claim that these Defendants are not entitled to foreclose. Courts in this district have routinely rejected "show-me-the-note" claims. *See, e.g.*, *Mikhay v. Bank of Am., NA.,* 2011 WL 167064, *2–*3 (W.D. Wash. 2011); *Wright v. Accredited Home Lenders*, 2011 WL 39027 (W.D. Wash. 2011); *Pelzel v. First Saving Bank Northwest,* 2010 WL 3814285, at *2 (W.D. Wash. 2010); *Wallis v. IndyMac Fed. Bank*, 717 F. Supp. 2d 1195, 1200 (W.D. Wash. 2010); *Freeston v. Bishop, White & Marshall, P.S.*, 2010 WL 1186276, at *6 (W.D.

Wash. 2010). Indeed, the Washington Deed of Trust Act requires that a foreclosing lender demonstrate its ownership of the underlying note to the trustee, not to the borrower. RCW 61.24.030(7). Beck has not cited any authority for the proposition that even a plausible FDCPA claim against a debt collector is a sufficient basis for restraining an otherwise valid foreclosure sale, or that it has the effect of invalidating his debt or the lender's security interest.

Nor has Beck demonstrated that the balance of equities tip in his favor. He does not appear to deny that he is in default on his loan (or at least that he has not re-paid it); his chief complaint is that the person asking for the money might not be the proper person to pay.

Finally, while it is true that the public has an interest in ensuring that foreclosures are done properly, Beck has alleged but not demonstrated that any impropriety occurred in this case. On the other hand, the public clearly has a broad interest in resolving the in-default loans. Enjoining facially legitimate foreclosure sales is not in the public interest; the opposite is true.

For these reasons, Beck's Motion for a TRO [Dkt. # 2] enjoining the pending foreclosure sale is DENIED.

IT IS SO ORDERED.

Dated this 30th day of December, 2019.

Ronald B. Leighton
United States District Judge